IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER FREEMAN,
    Plaintiff,

vs.                                 3:12cv331/MCR/CJK

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC. and
U.S. DEPARTMENT OF EDUCATION,
    Defendants.
_____

## ORDER AND REPORT AND RECOMMENDATION

This matter has been referred to the undersigned for a report and recommendation on the pending Motion to Dismiss for Failure to State a Claim (doc. 45)and plaintiff's response (doc. 47) and amended response (doc. 48). Plaintiff, Mr. Luther Freeman, initiated this action by filing a complaint in the Circuit Court of the First Judicial Circuit for Escambia County, Florida. (Doc. 1-2). In his complaint, Mr. Freeman named as defendants Great Lakes Educational Loan Services, Inc. and U.S. Department of Education. The complaint alleges violations by these defendants of the 'Debt Collection Practices Act," the "Fair Credit Reporting Act," the "Florida Consumer Collection Practices Act," and the "Florida Deceptive and Unfair Trade Practices Act." The complaint contains few, if any, allegations concerning factual matters, and alleges violation of these statutes in a rather conclusory fashion. At an

early date, defendant Great Lakes Educational Loan Services, Inc. removed this matter to federal court based upon Mr. Freeman's allegations of a number of federal question causes of action. (Doc. 1). As this case has progressed, I have, as the magistrate judge assigned to this case, met with Mr. Freeman on at least two occasions, in order to facilitate his understanding of court procedures. I also required the clerk of this court to signify that the United States Department of Education is a party defendant. (Doc. 9). Further, I denied Mr. Freeman's Motion for Remand.[1]

Several weeks ago, I set a settlement conference between defendant Great Lakes and Mr. Freeman. As a result of this conference, the issues Mr. Freeman had attempted to raise as to Great Lakes were resolved, and the parties executed a Stipulation for Dismissal With Prejudice. (Doc. 41). Upon review of this stipulation, I issued a Report and Recommendation that the matter be dismissed with prejudice as to defendant Great Lakes Educational Loan Services, Inc., with each party to bear its own attorneys fees and costs. (Doc. 42). The district court has now ordered dismissal as to Great Lakes. (Doc. 49).

After the settlement conference and stipulation of dismissal, Mr. Freeman appears to have arranged for issuance of a summons to the U.S. Department of Education. Mr. Freeman then served the U.S. Department of Education, c/o Educational Credit Management Corporation (ECMC). ECMC acknowledges that it received the summons and complaint via certified mail on November 23, 2012.

ECMC now moves to dismiss the complaint. As noted by ECMC, it is not named in the style of the complaint, and none of the operative allegations of the complaint, even assuming their legal adequacy, is directed toward ECMC. In the Motion to Dismiss, ECMC affirmatively shows that it is not an authorized agent for

---

[1] Although my order denying the Motion to Remand should have been done as a Report and Recommendation, Mr. Freeman did not seek review of this order.

acceptance of service of process on behalf of the U.S. Department of Education. In his response (doc. 47) and amended response (doc. 48), Mr. Freeman does not contend otherwise, nor does he in the responses, raise any allegations as to ECMC or seek leave to amend[2]. As ECMC has clearly advised Mr. Freeman, service upon the United States and its agencies may be accomplished pursuant to Rule 4(i)(1)-(3), Federal Rules of Civil Procedure. In the body of its Motion to Dismiss, ECMC basically sets out the procedure for service under that Rule. (Doc. 45, p. 3). The court has no information as to whether Mr. Freeman has attempted to accomplish service on the U.S. Department of Education. Nevertheless, I must find that ECMC has not been named as a party defendant, that no cause of action has been asserted against ECMC, and that ECMC is not an agent for service upon the U.S. Department of Education. Accordingly, the action should be dismissed as to ECMC. Also, Mr. Freeman is advised that the U.S. Department of Education has not yet been brought into this action by service of process.

It is therefore ORDERED as follows:

1. Until and unless service is accomplished upon the U.S. Department of Education, this court will not be able to take any unilateral action with regard to granting relief, as requested by Mr. Freeman in his response to the Motion to Dismiss.

2. Mr. Freeman is further advised that, pursuant to Rule 4(m), Federal Rules of Civil Procedure, if it appears that a defendant has not been served within 120 days after the complaint is filed, the court, on motion by a party, or on its own motion after notice to the plaintiff, <u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time. Mr. Freeman is

---

[2]Far from raising contentions against ECMC, the amended response appends another, unidentified, document, that appears to make contentions against Great Lakes, the party with whom Mr. Freeman has already entered into a stipulation for dismissal.

advised that the 120 days provided by  Rule 4(m) has expired, and that **if service is not promptly accomplished within 30 days of the date of this order, the court will require plaintiff to show cause why the matter should not be dismissed.**

And it is respectfully RECOMMENDED as follows:

That the Motion to Dismiss (doc. 45), filed by Educational Credit Management Corporation be GRANTED and that Educational Credit Management Corporation be dismissed as a party.

DONE AND ORDERED this 8th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).