IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER FREEMAN,
    Plaintiff,

vs.                                     3:12cv331/MCR/CJK

GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC. and
U.S. DEPARTMENT OF EDUCATION,
    Defendants.
_____

## REPORT AND RECOMMENDATION

The matter is before the court on referral from the District Judge (doc. 53). In the referral order the District Court directed the undersigned to consider the Motion to Dismiss (doc. 45) and Second Motion to Dismiss (doc. 52) that have been filed by defendant Educational Credit Management Corporation (ECMC). The matter is also before the undersigned for a report and recommendation concerning plaintiff's prosecution of his claim against the United States Department of Education (USDOE). For the reasons that follow, I find that plaintiff's latest Amended Complaint (doc. 51) should be DISMISSED against ECMC. To the extent that the plaintiff purports to include USDOE as an additional defendant, the matter should be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with Rule 4(m), Federal Rules of Civil Procedure, and plaintiff's further failure to offer any response to the order to show cause previously issued concerning the claim against USDOE (doc. 54).

## PROCEDURAL HISTORY OF THIS CASE

Because I am recommending that the complaint against ECMC be dismissed, some recitation of the history of this case is in order. A brief background has already been set out in the order and report and recommendation issued by the undersigned on January 8, 2013 (doc. 50). The District Court rejected in part the report and recommendation, because plaintiff filed, while the report and recommendation was pending for consideration, a document that has been construed as an Amended Complaint (doc. 51).

Plaintiff Luther Freeman, proceeding without representation, initially filed a five count complaint in the Circuit Court of Escambia County, Florida (doc. 1). That complaint appeared to name as defendants "Great Lakes Loan Services" and "U.S. Department of Education." Because plaintiff had proceeded on allegations of federal statutory violations, defendant Great Lakes Educational Loan Services, Inc. (Great Lakes) removed this matter to the United States District Court (doc. 1). Plaintiff then filed a pleading entitled "Motion to Amend Complaint" expressing his concern that USDOE had not been properly named as a defendant in this court's electronic case management system. I entered an order (doc. 9) directing the clerk to reflect that the United States Department of Education is a party defendant. Having had some experience with Mr. Freeman in prior litigation, I scheduled the case for an early case management conference (doc. 10). I then set the matter for what was denominated a settlement conference (doc. 26, 31). The conference itself became a second case management conference, attended by plaintiff and by counsel for Great Lakes. Those parties then stipulated to dismissal with prejudice (doc. 41) as to Great Lakes.

After this, Mr. Freeman appears to have served defendant ECMC. The complaint at that time, however, did not name ECMC as a defendant. Plaintiff had actually served the USDOE, care of ECMC, as noted by ECMC in its Motion to Dismiss (doc. 45). Mr. Freeman filed a "Motion" (doc. 47) in response to ECMC's motion. This response did not address the motion to dismiss. Instead, Mr. Freeman attached a number of documents, including correspondence from the attorney for ECMC. This correspondence explained that ECMC is not an agent for USDOE, and explained to Mr. Freeman what he needed to do to accomplish service on USDOE. Additionally, in the correspondence, ECMC offered to assist Mr. Freeman in seeking an administrative remedy that could act as a discharge of Mr. Freeman's underlying debt. (Doc. 47, p. 3). Mr. Freeman then filed an Amended Response to Motion to Dismiss (doc 48). In that document, Mr. Freeman asserted that he has received phone calls regarding an old student loan and also correspondence from USDOE concerning another loan, apparently taken out by plaintiff's son, and guaranteed by plaintiff. Without explanation, this response went on to make a number of allegations against Great Lakes, the defendant that had been previously dismissed by plaintiff (doc 48, pp. 4-7).

Having reviewed Mr. Freeman's responses, and finding nothing directly responsive to the motion to dismiss, I issued a Report and Recommendation, recommending that ECMC's motion to dismiss be granted, and explaining to Mr. Freeman the requirement of timely service upon a defendant, in this case, USDOE (doc. 50). I explained that under Rule 4(m), Federal Rules of Civil Procedure, that the court must dismiss the matter if it appears that a defendant has not been served within 120 days after filing the complaint. I advised Mr. Freeman that the time for

service of USDOE had expired, and allowed him an additional thirty days in which to accomplish service.

Some seven days after I issued the Report and Recommendation, Mr. Freeman filed a "Motion to Amend Response to Motion to Dismiss" (doc. 51). The district court construed this document as a motion for leave to file an amended complaint, and granted the motion (doc. 53). Based upon that ruling, the district court rejected my Report and Recommendation insofar as it had recommended dismissal of the complaint. The district court adopted the report and recommendation to the extent it allowed plaintiff thirty days to effect service upon USDOE. The court referred the matter back to the undersigned to reconsider ECMC's motion to dismiss, and to consider ECMC's Second Motion to Dismiss (doc. 52), filed in response to plaintiff's amended complaint.

## THE AMENDED COMPLAINT

In the amended complaint, Mr. Freeman alleges violations of the Federal Fair Credit Reporting Act, The Federal Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act. He also alleges a state law tort, intentional infliction of emotional distress. Plaintiff asks for declaratory and injunctive relief, as well as damages. The ad damnum clause also seeks damages for violation of the Florida Residential Landlord and Tenant Act. (Doc. 51, p. 5). This particular statute is not otherwise mentioned and plaintiff does not claim that the defendant is his landlord.

Summarizing the allegations presents a challenge. Plaintiff has not included the dates of any purported wrongdoings, nor has he advanced factual material concerning the alleged wrongful acts. Germane to the motion to dismiss, however,

he does allege in count 1, Fair Debt Collection Practices Act, that ECMC "is a debt collector." In count 2, Fair Credit Reporting Act, plaintiff has one allegation–couched in entirely conclusory terms–and complaining only of the actions of USDOE. This count has no allegations, conclusory or otherwise, concerning ECMC. Count 3, Florida Consumer Collection Practice Act, makes one factual allegation against ECMC–that ECMC "forcefully took money from the Plaintiff's social security disability without any communications with the plaintiff." The remaining matters in Count 3 are conclusory allegations of violation without any supporting facts. In paragraph fourteen of this count, plaintiff says that ECMC violated the Fair Trade Act, a statute not otherwise identified. In count 4, Florida Deceptive and Unfair Trade Practices Act, plaintiff states merely that "the actions stated herein . . . are therefore unfair and/or deceptive trade practices . . . ." In count 5, intentional infliction of emotional distress, plaintiff does not set out facts, instead alleging that ECMC "intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff," and such actions were also intended to intimidate and coerce plaintiff into paying a debt that was not owed. (Doc. 51, pp. 2-4).

The hallmark of the five counts set out in the amended complaint is the lack of any factual material at all concerning the specifics of the measures allegedly taken, the identity of the wrongful actors, and the times and places of such acts. Even more significantly, at no point has plaintiff identified the debt or debt he disputes.

ECMC moves to dismiss. It argues that, as a matter of law, it is not subject to the Fair Debt Collection Practices Act. ECMC then asserts that the amended complaint fails to meet the applicable pleading requirements.

# RULE 12(b)(6) STANDARD

According to Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief may be granted . . . ." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss filed under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that courts "are not bound to accept as true a legal conclusion

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 677. A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id*. at 570.

As stated recently in this district, concerning a primary purpose of the pleading rules:

> A motion to dismiss for failure to state a claim necessarily implicates an analysis of the complaint under Federal Rule of Civil Procedure 8(a) to determine whether the complaint's allegations constitute a claim for relief. Fed.R.Civ.P. 8(a). Under 8(a) a pleading need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The standard is a liberal one with the emphasis placed on whether the complaint affords the defendant sufficient notice of what the claim is and its grounds. *Charles H. Wesley Educ. Found.,*

*Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir.2005) (*quoting United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003)) . . . . The benchmark is whether the complaint identifies the claims with sufficient clearness to allow a response.

*Pfeil v. Sprint Nextel Corp.*, 504 F. Supp. 2d 1273, 1275-76 (N.D. Fla. 2007). Accordingly "'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. 544, 555 (2007)). In order to survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but must certainly "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Particularly important for the present analysis, and hopefully to aid in *pro se* plaintiff's understanding, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). Bare legal theories will never suffice. Instead, plaintiff must set out comprehensible factual matters sufficient to satisfy the requirements of *Iqbal* and *Twombly*. The complaint here does not reach even the low bar of Rule 8, as explained in *Iqbal* and *Twombly*. A litigant, even one represented by the finest counsel, could not reasonably construe the document so as to allow an informed responsive pleading. I will, nevertheless, also address the defendant's claim that, even assuming an adequate pleading, the complaint does not state a cause of action for recovery of the relief sought by plaintiff.

The amended complaint, viewed most favorably to plaintiff, does not state any cause of action. As noted above, the complaint does not identify by date, by actor, or by specific allegations as to wrongful acts, what ECMC has done to violate the

statutes identified in the complaint. Under *Twombley* and *Iqbal*, the conclusory allegations of statutory violation are not sufficient.

I find it significant that the amended complaint comes months after Mr. Freeman filed his suit. He has dealt with lawyers who, while being forceful advocates for their clients, have attempted to explain to Mr. Freeman, either in person, through conferences and correspondence, or by the motions to dismiss themselves, those matters that are lacking in plaintiff's pleadings. Mr. Freeman has had ample opportunity to amend, and has been allowed by the district court to amend. Yet, after ten months, plaintiff has not set out factual allegations so as to put the defendant on reasonable notice of the wrongful acts complained of. The amended complaint neither meets the minimal pleading standards of the court, nor does it frame allegations in such a way that defendant ECMC can be expected to file a responsive pleading. Accordingly, I conclude that the amended complaint should be dismissed.

## WHETHER ECMC IS SUBJECT TO LIABILITY UNDER THE STATUTES IDENTIFIED

Even assuming the complaint had sufficient allegations of fact, the motion to dismiss would nevertheless be well-taken as to the statutory causes of action against ECMC.[2] Ample precedent holds that ECMC is not subject to an action for violation of the Fair Debt Collection Practices Act (FDCPA). Plaintiff's count for FDCPA violations states only that ECMC is a debt collector, and that the "foregoing violations of the FDCPA" are standard procedures utilized by ECMC. There are no

---

[2] Count 2 makes an allegation only against USDOE. As the case against USDOE must be dismissed for plaintiff's failure to effect service, this count will not be further discussed.

further allegations concerning acts perpetrated by ECMC and adverse to plaintiff. Moreover, in the face of ECMC's very specific motion to dismiss, replete with case law supporting its position, Mr. Freeman has not responded, nor sought to add factual allegations concerning actions of ECMC.

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. The FDCPA defines the term "debt collector" as follows:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). FDCPA goes on, however, to delineate several exceptions to the generalized definition of debt collector. ECMC contends the "bona fide fiduciary obligation" exception applies to it as a matter of law. As the Eleventh Circuit has recently put it:

> [T]he [FDCPA] lists multiple exceptions to [the definition of debt collector]; in relevant part, the FDCPA does not apply to 'any person collecting or attempting to collect any debt owed or due or asserted be owed or due another *to the extent such actitivity . . . is incidental to a bona fide fiduciary obligation*.' 15 U.S.C. § 1692a(6)(F)(i).

*Bennett v. Premiere Credit of N. Am., LLC*, No. 12-12859, 2013 WL 310066, at *4 (11th Cir. Jan. 28, 2013) (emphasis in original).

The question becomes, then, whether ECMC's activities concerning student debt collection are incidental to a bona fide fiduciary activity. ECMC is a "non-profit guaranty agency established pursuant to the Federal Family Education Loan Program . . . . [It] is bound by law to pursue collection of past due and delinquent student loans

through means mandated by the United States Department of Education." *Ed. Credit Mgmt. Corp. v. Bradco, Inc.*, No. 07-2418-DJW, 2008 WL 2066993, at *1 (D. Kan. May 14, 2008) (*citing Montgomery v. Ed. Credit Mgmt. Corp.*, 238 B.R. 806, 807 (D. Minn. 1999). In *Pelfrey v. Educational Credit Management Corporation*, the Eleventh Circuit held that FDCPA does not apply to ECMC, "because the defendant is a 'person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation . . . .' 15 U.S.C. § 1692a(6)(F)(i)." 208 F.3d 945 (11th Cir. 2000), *aff'g* 71 F. Supp. 2d 1161 (N.D. Ala. 1999).

The holding concerning ECMC's lack of susceptibility to liability has been widely accepted. *See, e.g., Rowe v. Ed. Credit Mgmt. Corp.*, 730 F. Supp. 2d 1285, 1288 (D. Ore. 2010) ("[I]t is now undisputed that ECMC is a student loan guaranty agency with a fiduciary duty to the United States Department of Education and is generally exempt from the definition of a debt collector under the FDCPA."). "[N]umerous sister circuits have explicitly held that ECMC is a guaranty agency." *Bennett*, 2013 WL 310066, at *3. Pursuant to the bona fide fiduciary obligation exception, ECMC is not subject to suit under the FDCPA.

ECMC also vigorously argues it is not subject to liability because it is not a debt collector under 15 U.S.C. § 1692a, and that it is protected by the creditor exception of the act, 15 U.S.C. § 1692a(4). Relying upon earlier cases, ECMC says its principal purpose is not the collection of debts, but instead is to provide a guarantee to the lender and to assist in the administration of the Federal Family Education Loan Program. *See Pelfrey v. Ed. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1179-1180 (N.D. Ala. 1999). As the *Rowe* court put it, "even beyond the

fiduciary exception, ECMC does not fall under the definition of a debt collector with respect to the (student) loan at issue." 730 F. Supp. 2d at 1289. The court based this conclusion upon the fact that ECMC collected "on behalf of itself as a guarantor of the loan in default." *Id.*[3] As a guarantor, ECMC holds and collects the debt subject to the right of USDOE to demand assignment. *Pelfrey*, 71 F. Supp. 2d at 1164. Simply put, ECMC is collecting its own debt as the current holder of the obligation. Accordingly, it is not a "debt collector" under the FDCPA.

The FDCPA also does not apply to collection by a "creditor." A creditor is "any person who offers or extends a debt or to whom a debt is owed, but such term does not include any person to the extent that he or she receives an assignment or transfer of a debt in default solely for th purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). In its guarantor status, ECMC holds the debt, and stands in the shoes of the original holder. Accordingly, ECMC is collecting its own debt, having fulfilled its guarantee. ECMC is the creditor, and not subject to the FDCPA.

Count 3 asserts liability under the Florida Consumer Collection Practices Act. This count, as the others, makes general and conclusory allegations, but does not identify a specific incident of violation.[4] Moreover, the Florida Consumer Collection

---

[3] In *Rowe*, ECMC stood as guarantor for the original guarantor to USDOE, the Oregon Student Assistance Commission. 730 F. Supp. 2d at 1288. Under these facts, the court found that ECMC "stepped into the shoes" of the original guarantor/holder. 730 F. Supp 2d at 1289.

[4] Paragraph 13 alleges, apparently as to ECMC, "that while acting as authorized agents for their employers, each disclosed information affecting the plaintiff's reputation, whether or not for credit-worthiness, with knowledge or reason to know that information was false." (Doc. 51, p. 3). The pleading does not disclose how any agency came about, does not identify "their employers," and does not provide any clue as to the information disclosed, nor the discloser, nor the date of such

Practices Act, like the FDCPA, excludes collection by the actual creditor and also actions taken incidental to "a bona fide fiduciary obligation." FLA. STAT. § 559.55(6)(f) (2011). Based upon the above analysis, ECMC is not subject to the Florida act, because it is, as the guarantor, both a fiduciary and a creditor collecting its own debt.

Count 4 claims violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213. No acts at all are set out in this count, other than the "actions stated herein (referring to the complaint)." (Doc. 51, p. 4). The Act, however, does not apply to "an act or practice required or specifically permitted by federal or state law." FLA. STAT. § 501.212(1) (2011). ECMC, pursuant to its guarantee, is required to attempt collection of defaulted student loans, as in this case. Mr. Freeman has not shown that ECMC is subject to liability under the Florida Deceptive and Unfair Trade Practices Act.

In sum, Mr. Freeman's amended complaint does not state a cause of action, because it does not provide factual content to support its claim of violations. Also, as to counts 1, 3, and 4, the amended complaint attempts to raise causes of action to which defendant ECMC is not subject. To the extent this suit still includes USDOE as a defendant, the complaint must be dismissed for plaintiff's failure to accomplish service as required by the order of the district court.

---

disclosure.

It is therefore respectfully RECOMMENDED that:

1. The Motion to Dismiss (doc. 45) and Amended Motion to Dismiss (doc. 52), filed by Educational Credit Management Corporation be GRANTED and the amended complaint (doc. 51) be DISMISSED as to that party.

2. The action be DISMISSED WITHOUT PREJUDICE as to the United States Department of Education.

3. The clerk be directed to close the file.

DONE AND ORDERED this 22nd day of April, 2013.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).